# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| HANAN RAYYASHI<br>    Plaintiff | ) CIVIL ACTION<br>)<br>) |
| v. | ) JURY TRIAL DEMANDED<br>)<br>)<br>) |
| ENHANCED RECOVERY COMPANY, LLC<br>    Defendant | )<br>)<br>) OCTOBER 7, 2010 |

## COMPLAINT

## I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed and abused by Defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and includes a pendent State law claim for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*

## II. PARTIES

2. Plaintiff, Hanan Rayyashi, is a natural person residing in Enfield, Connecticut.

3. The defendant, Enhanced Recovery Company, LLC, is a Delaware corporation and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency. It is the successor of Enhanced Recovery Corporation ("ERC").

## III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337 and 1367, and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over ERC because it engages in debt collection activities within Connecticut.

6. Venue in this Court is proper, as Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

7. Around the middle of June 2010, ERC began contacting Plaintiff regarding an alleged Bally Total Fitness debt ("the Debt"); prior to ERC's collection efforts, Plaintiff had no prior knowledge of the Debt or the alleged account associated with the Debt.

8. On or around June 25, 2010, ERC called and spoke with Plaintiff regarding the Debt, and during that conversation, Plaintiff denied owing the Debt and requested that ERC send her some kind of verification regarding the Debt.

9. The ERC representative responded by telling Plaintiff that ERC was not obligated to prove that she owed the Debt and that it was Plaintiff's obligation to prove that she didn't owe the Debt.

10. The representative said to Plaintiff, "I have two words for you – Life Lock," and she told Plaintiff that she needed to get a police report.

11. On or around that same time, within a couple of days of the aforementioned telephone call, Plaintiff received from ERC a collection letter dated June 16, 2010 regarding the Debt ("the Letter").

12. The letter stated the name of the debtor as Hanan S. Aloadoumi; Plaintiff has never gone by that name.

13. On the reverse side of the Letter, it stated that if Plaintiff notified ERC's office in writing within thirty days of her receipt of the letter that she disputed the debt, ERC would mail to Plaintiff verification of the debt.

## V. COUNT ONE

### Fair Debt Collection Practices Act

14. Plaintiff incorporates Paragraphs 1-13.

15. ERC violated 15 U.S.C. § 1692e(2)(A) by attempting to collect an invalid debt from Plaintiff.

16. ERC violated 15 U.S.C. § 1692e(10) by misrepresenting to Plaintiff that ERC was not obliged to prove she owed the Debt and that it was Plaintiff's obligation to do so, a statement which overshadowed Plaintiff's right to request verification of the Debt pursuant to FDCPA § 1692g.

17. ERC violated 15 U.S.C. § 1692f by its unfair practices described above.

18. ERC violated 15 U.S.C. § 1692d by harassing and abusing Plaintiff as described above.

19. For ERC's violations of the FDCPA as described above, Plaintiff is entitled to recover her actual damages, statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## VI. COUNT TWO

### Connecticut Unfair Trade Practices Act

20. Plaintiff incorporates Paragraphs 1-13.

21. ERC violated CUTPA by its debt collection activities described above.

22. ERC's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such to cause substantial injury to consumers.

23. The plaintiff has sustained an ascertainable loss as a result of ERC's acts.

24. The defendant is liable to Plaintiff for her actual damages, attorney's fees and costs, and punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, the Plaintiff prays for the following relief:

Actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k; monetary damages pursuant to Conn. Gen. Stat. §42-110g; punitive damages pursuant to Conn. Gen. Stat. § 42-110g; attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g, and such other relief as this Court deems appropriate.

**PLAINTIFF, HANAN RAYYASHI**

By: _____
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax. (860) 571-7457